Mr. Justice Sulzbacher did not sit at the hearing of this case.

---

### THE PEOPLE *v.* CABRANES.

### APPEAL from the District Court of San Juan.

No. 22.—Decided June 24, 1904.

SEDUCTION—EVIDENCE—REPUTATION.—The fact that certain witnesses testified, in a prosecution for seduction, that they did not have a good opinion of the prosecutrix, while others declared that she enjoyed a good reputation, without any of them imputing to her acts which would openly impeach her chastity, is not sufficient for concluding that she was not reputed to be a chaste woman.

ID.—CORROBORATION—ACCOMPLICE—TESTIMONY OF THE VICTIM.—The provisions of section 263 of the Code of Criminal Procedure, which require the corroboration of the testimony of an accomplice, are not applicable to the testimony of the victim of the offense of seduction, who cannot be an accomplice to the same offense.

ID.—The provisions of article 250 of the Code of Criminal Procedure are applicable to the crime of seduction under a promise of marriage.

The facts are stated in the opinion.

*Mr. Juan R. Ramos,* for appellant.

*Mr. del Toro, Fiscal,* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the following opinion of the court.

This is an appeal taken by Evaristo Cabranes from a judgment of the District Court of San Juan convicting him of the crime of seduction, and sentencing him to imprisonment in the penitentiary at hard labor for one year and six months, and to the payment of costs. On the eighth day of January last the district attorney of said court formulated a duly sworn information against Evaristo Cabranes for the crime of seduction, included in section 261 of the Penal Code, committed as follows:

"The said Evaristo Cabranes sustained amorous relations with María Sotelo, a young unmarried female reputed to be chaste, and

one day in the month of October, 1903, in the town of Toa Alta, situated in this judicial district, he seduced her under a promise of marriage and had carnal intercourse with her, in consequence whereof said young woman lost her virginity. This act is contrary to the statute in·such cases made and provided and against the peace and dignity of The People of Porto Rico.''

The defendant pleaded not guilty to the information and,. the oral trial having been held on the 27th of February, following, the witnesses for the prosecution and the defense were examined; and on the first day of March judgment was rendered by the San Juan court sentencing Evaristo Cabranes. to the penalty already mentioned for the crime of seduction. From this judgment counsel for Cabranes perfected an appeal to this Supreme Court, assigning as errors of law the following: 1. The violation of section 261 of the Penal Code, because the fact of the chaste character of the female being an essential element of the crime of seduction, far from having established such matter, it was proved on the trial by witnesses that she had been guilty of conduct which would detract from her reputation for chastity; 2. The violation of section 253 of the Code of Criminal Procedure, in that the testimony of the prosecutrix was not corroborated on the trial, forasmuch as the witnesses for the prosecution referred to her statements, and the witnessess who testified from a personal knowledge of the facts, confined themselves to stating that they saw the accused about six months back in the yard of the house of the prosecutrix, none of them having testified that he saw Cabranes enter or leave the house; 3. The violation of section 236 of the said Code of Criminal Procedure, since, there being a reasonable doubt as to the guilt of the defendant, he should have been acquitted.

The *fiscal* opposed the appeal and contended that it should be dismissed. Although no bill of exceptions has been presented we have made a careful examination of the record, and the minutes of the trial fail to show that any of the errors of

law pointed out have been committed; for, although some of the witnesses declare that they did not have the best opinion of María Sotelo, others state that she enjoyed a good reputation, while none of them impute to her acts which openly impeach her chastity. The testimony of María Sotelo appears to be corroborated by the evidence taken on the trial, and even if it were otherwise, there would not have been any violation of section 253 of the Code of Criminal Procedure, which refers to a conviction had on the testimony of an accomplice, as María Sotelo was not an accomplice but the victim of the crime perpetrated. Neither can it be claimed that section 250 of the same Code has been violated, since that section refers to seduction under a promise of marriage, prescribed and made punishable by section 261 of the Penal Code, as is demonstrated by a mere perusal of the same. There is no reasonable or well-founded doubt as to the guilt of the accused; for, in view of the nature of the crime involved, the evidence introduced at the trial produces in the mind the full conviction that Cabranes seduced under a promise of marriage and had sexual intercourse with the female María Sotelo. The judgment appealed from must therefore be affirmed, with costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.